■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES SUAREZ, Appellant. [28 NYS3d 66]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at hearing; A. Kirke Bartley, Jr., J., at jury trial and sentencing), rendered January 17, 2013, convicting defendant of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a

weapon in the second degree (two counts), attempted robbery in the first degree (two counts) and attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress his videotaped statement to an Assistant District Attorney. To the extent the police made a warrantless entry in violation of *Payton v New York* (445 US 573 [1980]), the statement, made at the District Attorney's Office 20 hours later, was sufficiently attenuated from any taint arising from the entry (*see e.g. People v Santos*, 3 AD3d 317 [1st Dept 2004], *lv denied* 2 NY3d 746 [2004]). Although the court suppressed an earlier statement to a detective, solely on the ground of lack of attenuation from the warrantless entry, the videotaped statement was attenuated from the suppressed statement as well (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of any discrepancies between the victims' testimony and their prior statements to the police. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.